# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-3105

_____

| | | |
|---|---|---|
| Ranadhir Mitra, Ph.D., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Curators of the University of Missouri, | * | |
| | * | [UNPUBLISHED] |
| | * | |
| Defendant, | * | |
| | * | |
| Douglas Anthony, M.D.; Forrest "Bud" Smith, | * | |
| | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: March 11, 2009
Filed: April 9, 2009

_____

Before GRUENDER, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

Ranadhir Mitra, a professor at the University of Missouri in the Pathology and Anatomical Sciences Department, sued the University, Douglas Anthony, the Department's chair, and Bud Smith, the Department's administrator, alleging that

Anthony and Smith created a hostile work environment and discriminated against him based on his age and that the University was vicariously liable for Anthony's and Smith's conduct. Mitra contended that Anthony's and Smith's acts infringed on his substantive due process and equal protection rights and tortiously interfered with his employment contract in violation of Missouri law.

The University, Anthony and Smith moved to dismiss Mitra's complaint, arguing that Mitra's substantive due process and equal protection claims brought under 42 U.S.C. § 1983 failed to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and that the court should decline to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c)(3). Anthony and Smith also argued they were "entitled to qualified immunity . . . because Plaintiff fails to state a claim under § 1983."

In a written order, the district court granted the motion to dismiss as to Mitra's equal protection claim and denied the motion as to Mitra's other claims. In so doing, the district court did not explicitly engage in a qualified immunity analysis, mention the term "qualified immunity," or cite to any cases decided on qualified immunity grounds. Nevertheless, Anthony and Smith filed this interlocutory appeal, claiming that the district court effectively denied their qualified immunity claim by rejecting their argument that the facts alleged by Mitra fail to make out a violation of a constitutional right. *See Pearson v. Callahan*, 555 U.S. ---, 129 S. Ct. 808, 815-16 (2009) (explaining that one step in the qualified immunity analysis is determining "whether the facts that a plaintiff has . . . shown make out a violation of a constitutional right" (internal citation omitted)). Because they allege that the district court denied their qualified immunity claim, Anthony and Smith argue that we have appellate jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

We cannot agree with Anthony and Smith's claimed basis for appellate jurisdiction because we are bound by our decisions in *Washington v. Wilson*, 46 F.3d 39 (8th Cir. 1995), and *Schatz Family ex rel. Schatz v. Gierer*, 346 F.3d 1157 (8th Cir. 2003) (per curiam). In *Washington*, prison officials sought summary judgment on a prisoner's § 1983 claim against them for allegedly violating a constitutionally protected liberty interest. 46 F.3d at 40. The prison officials "defended the action on the merits" and also argued that they were entitled to qualified immunity. *Id.* at 40, 41 n.3. The district court partially denied the prison officials' motion, but in so doing, the court did not mention the issue of qualified immunity. *Id.* at 40. With respect to the prison officials' interlocutory appeal, we held that "[i]n the absence of some reference from the district court on the issue [of qualified immunity], we lack jurisdiction." *Id.* at 41. Similarly, in *Schatz*, employees of the Missouri Department of Family Services raised the issue of qualified immunity in a motion to dismiss. 346 F.3d at 1159. In ruling on the motion, "[t]he district court announced the proper standard for addressing qualified immunity at the Rule 12(b)(6) stage . . . but failed to engage in any further discussion or analysis of the issue." *Id.* at 1159-60. Because "there was no determination by the district court on the qualified immunity issue," we held "that we have no jurisdiction to review the district court's order." *Id.* at 1160. Thus, we dismissed the employees' interlocutory appeal, recognizing that "[a]lthough the district court's complete denial of defendants' motion to dismiss implies the denial of qualified immunity, . . . such an inference is insufficient for an interlocutory appeal." *Id.* Here, we are faced with a nearly identical situation in which the district court did not mention qualified immunity, nor did it cite a single case decided on qualified immunity grounds in its order.[1] Because we are bound to follow our prior

---

[1]Here, as in *Washington*, "while the issue of qualified immunity was raised in appellants' motion [to dismiss] and memorandum in support thereof, it certainly was not emphasized." 46 F.3d at 41 n.3. In *Washington*, the prison officials devoted only three sentences of their memorandum in support of the motion for summary judgment to the issue of qualified immunity. *Id.* Here, Anthony and Smith devoted only one sentence of their motion to dismiss and six sentences in one paragraph of their twenty-

decisions in *Washington* and *Schatz*, we dismiss Anthony and Smith's interlocutory appeal for lack of appellate jurisdiction.[2]

_____

_____

six page memorandum in support of the motion to dismiss to the issue of qualified immunity.

[2]We encourage the district court to "rule promptly on the issue of qualified immunity." *Washington*, 46 F.3d at 41; *see also Schatz*, 346 F.3d at 1160 ("[T]he Supreme Court repeatedly has emphasized the need to address qualified immunity at the earliest possible stage in the litigation.").